IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:22-CV-252-FL

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff,  v.  WAL-MART STORES EAST, LP,  Defendant. | **ORDER** |

This matter is before the court on Plaintiff's motion to compel discovery pursuant to Fed. R. Civ. P. 37 [DE #33]. Defendant has responded in opposition [DE #42] and the motion is ripe for ruling. For the reasons stated below, Plaintiff's motion to compel is granted in part and denied without prejudice in part.

## BACKGROUND

On June 30, 2022, the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed a complaint against Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant") asserting claims of unlawful employment discrimination against Ms. Ikia Townsend. Ms. Townsend worked at Defendant's distribution center #6040 in Hope Mills, North Carolina, from April 1, 2019, through July 2, 2019. (Compl. [DE #1].) Plaintiff claims violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, for failure to accommodate, wrongful discharge,

use of a "100% Healed Policy and/or Practice," and retaliation. (Compl. at 4–11.) Defendant answered and asserted twenty-five affirmative defenses. (Answer [DE #14].)

Plaintiff moves to compel Defendant to respond to Interrogatory 17 of Plaintiff's First Set of Interrogatories (Pl.'s Mem. Supp. Mot. Compel, Ex. 1 [DE #34-1] at 8 ("Interrogatory 17")) and Requests for Production of Documents 7, 8, and 29 of Plaintiff's First Request for Production of Documents (Pl.'s Mem. Supp. Mot. Compel, Ex. 2 [DE #34-2] at 5–6 ("RPD 7" and "RPD 8"), 12 ("RPD 29")). Defendant has responded in opposition. (Def.'s Resp. Opp'n [DE #42].)

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party." *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *see also Martin v. Bimbo Foods Bakeries*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting *Sheffield Fin.*, 2007 WL 1726560, at *3); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-66, 2020 WL 2311668, at *2 (W.D. Va. May 8, 2020)

(acknowledging the 2000 and 2015 amendments to Rule 26(b)(1) and concluding that the discovery rules are to be interpreted broadly); 8 Wright & Miller, Fed. Prac. & Proc. § 2008 (3d ed.) (summarizing history of Rule 26 and noting that the 2015 amendment "did not affect a dramatic change in the scope of discovery").

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, among other things, provisions "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)–(c)(1)(D).

"The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" *Johnson v. N.C.*

3

*Dep't of Justice*, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (quoting *Mainstreet Collection*, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

### A. Discovery Requests and Responses/Objections

Interrogatory 17 requests Defendant to

> [p]rovide a list of all vacant positions between April 1, 2019 and July 2, 2019 at any of Defendant's locations within a 25-mile radius of the [distribution center where Townsend worked] This includes, but is not limited to, the subject facility. For each position identified, state the title of the position, the date the position was posted, the date the position was filled or if the position was not filled, and a job description of the position.

(Interrog. 17.) Defendant objects on the grounds that the interrogatory (i) is duplicative of RPD 7; (ii) asks for information about jobs (a) in locations other than where Ikia Townsend was employed, (b) without regard to Townsend's qualifications or ability to perform these other jobs, and (c) outside "the relevant time period of Townsend's April 25, 2019 inquiry into a possible accommodation"; (iii) would require Defendant to produce "excessively voluminous documents having absolutely no bearing on any issue"; and (iv) constitutes an impermissible fishing expedition. (Def.'s Obs. & Answers to Pl.'s First Set Interrogs. [DE #34-3] at 17–18.)

Plaintiff responded to Defendant's objections by stating that (i) information regarding reassignment to another of Defendant's locations is relevant because such reassignment could be a reasonable accommodation and Defendant's employees

4

discussed transfer to another location with Ms. Townsend; (ii) the information requested is proportional because it is limited to a period of three months and only for the time period when Defendant employed Ms. Townsend; and (iii) the same information was requested in another EEOC charge investigation and produced by Defendant, thereby negating Defendant's position that production of the information would be unduly burdensome. (Pl.'s Letter to Def. dated Mar. 1, 2023 [DE #34-5] at 3.) In its response, Defendant clarified that its objection to Interrogatory 17, RPD 7, and RPD 8 is that vacancies available at other locations "have no relevance to this lawsuit." (Def.'s Letter to Pl. dated Mar. 10, 2023 [DE #34-6] at 3.)

RPD 7 requests Defendant produce

> [d]ocuments which show all vacant positions between April 1, 2019 and July 2, 2019 at any of Defendant's locations within a 25-mile radius of the subject facility. This includes, but is not limited to [ten specified locations].

(RPD 7.) Defendant objected for similar reasons as those in its objections to Interrogatory 17. (Def.'s Objs. & Answers to Pl.'s First Request for Production [DE #34-4] at 10–11.) Plaintiff identified the same substantive reasons in response as it did for Interrogatory 17. (Pl.'s Letter to Def. dated Mar. 1, 2023, at 4.)

RPD 8 requests job descriptions or documents showing the job duties for twenty-five specified positions during the period from April 1, 2019, through July 31, 2019. (RPD 8.) Defendant objected for similar reasons as those in its objections to Interrogatory 17 and RPD 7. (Def.'s Objs. & Answers Pl's First Request for Production at 11–12.) Plaintiff identified the same substantive reasons in response as it did for Interrogatory 17 and RPD 7, but offered to limit the time period for RPD 8 to positions

5

available from April 1, 2019, to July 2, 2019. (Pl.'s Letter to Def. dated Mar. 1, 2023, at 5.)

RPD 29 requests "[a]ll written communication, including emails and text messages, sent or received between Ikia Townsend and Amanda Hignite." (RPD 29.) According to the briefing, Hignite was a Human Resource Manager employed by Defendant. (*See* Pl.'s Mem. Supp. Mot. Compel [DE #34] at 5.) In addition to lodging a boilerplate objection that the discovery requested is neither relevant nor proportional, Defendant objects to this RPD because (i) it seeks all communications between Townsend and Hignite, rather than communications "related to the subjects at issue in this litigation"; and (ii) it contains no time limitation to the "relevant time period of April 1, 2019 to July 2, 2019." (Def.'s Objs. & Answers Pl's First Request for Production at 34.) In its response, Plaintiff stated that it was aware of multiple written communications between Townsend and Hignite on May 2, 2019, and June 14, 2019. (Pl.'s Letter to Def. dated Mar. 1, 2023, at 8.)

The undersigned analyzes Interrogatory 17, RPD 7, and RPD 8 together as the arguments regarding these discovery requests are similar. RPD 29 is analyzed separately.

### B. Argument & Analysis

#### 1. Interrogatory 17, RPD 7, & RPD 8

Defendant contends that information related to job vacancies at other work locations for the time period requested by Plaintiff is not relevant because (i) reassignment, as a potential reasonable accommodation, "is simply not at issue in

6

EEOC's claims" (Def.'s Resp. Opp'n at 6); and (ii) the time period and locations requested by EEOC "lack connection to [the complaint's] allegations" because Townsend had not provided medical information regarding her needs before her July 2, 2019, termination (*id.*). Defendant also contends that, by virtue of their irrelevance, these discovery requests are disproportionate to the needs of the case and unduly burdensome. (*Id.* at 7.)

Under the ADA, a reasonable accommodation "may include . . . job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9). While reassignment has been held to have a "last among equals" status, it remains a potential reasonable accommodation. *Elledge v. Lowe's Home Centers, LLC*, 979 F.3d 1004, 1014 (4th Cir. 2020) (also noting that reassignment is held "in reserve for unusual circumstances").

Plaintiff has alleged that reassignment to another position at another location was a potential reasonable accommodation for Townsend. (Compl. at 6 ¶¶ 41 (alleging that one of Townsend's supervisors asked Townsend if Townsend would be interested in reassignment to a different position at a different location), 43.) Plaintiff has also alleged that Townsend notified Defendant of her disability and request for reasonable accommodation as early as April 19, 2019. (*Id.* at 4 ¶ 25; *see also id.* at 5 ¶ 32 (alleging that one of Townsend's supervisors notified Townsend on May 1, 2019, that the

7

supervisor was aware of Townsend's accommodation request).) Lastly, Plaintiff has alleged that Defendant terminated Townsend's employment the day before Townsend had said she would provide medical documentation to her supervisor (following a scheduled medical appointment). (*Id.* at 6 ¶ 43, 44.)

The court is satisfied that the information requested in Interrogatory 17, RPD 7, and RPD 8 is relevant to Plaintiff's claims. Plaintiff has alleged facts to support a failure to accommodate claim under the ADA based, at least in part, on a failure to reassign Townsend to a different position at a different location. Moreover, Plaintiff has limited this request to other locations within a reasonable distance (25 miles) of the distribution center where Townsend worked and to a reasonable time period (two and one-half weeks before Townsend's first accommodation request until the month of Townsend's termination).

Defendant's arguments to the contrary are not persuasive for several reasons. First, Defendant's argument as to why reassignment is "not at issue in this case" appears to be an argument that Townsend was not a qualified employee. (Def.'s Resp. Opp'n at 6.) But Plaintiff has adequately pled that Townsend was a qualified employee. Accordingly, Defendant's argument raises a factual issue about whether Townsend was qualified employee that is not appropriately addressed at this stage of the case.

Second, Defendant's argument that the time period for which discovery is sought "lacks connection" to Plaintiff's allegations because Townsend never provided medical documentation to Defendant is similarly unavailing. Defendant contends

8

that vacancies for potential reassignment existing before July 2, 2019, are not relevant because Townsend never provided medical documentation about her needs. (Def.'s Resp. Opp'n at 6.) But that view does not account for Plaintiff's allegations that Defendant knew about Townsend's request for an accommodation before July 2, 2019 (Compl. at 5 ¶¶ 27, 32, 33) and terminated Townsend the day before she had advised she would provide such medical documentation (*id.* at 6 ¶ 44).

Lastly, Plaintiff's request for information about a wide variety of vacancies at nearby locations does not "demonstrate [that] EEOC has strayed far from its claims." (Def.'s Resp. Opp'n at 7.) Defendant faults EEOC for seeking job descriptions "for positions in retail stores clearly outside even its own lay description of [Townsend's] limitations." (*Id.*) But without the job descriptions and explanation of job duties to accompany the list of job vacancies, it is difficult to determine if Townsend could have performed any of those jobs. Such information is relevant under Rule 26(b)(1).

    2.    RPD 29

Defendant argues that the motion to compel discovery as to RPD 29 should be denied as premature because it was not until June 9, 2023 (five days after Plaintiff filed its motion) that the parties reached an agreement regarding the search parameters for electronic discovery. (Def.'s Resp. Opp'n at 9.) Given Defendant's representation, and there being no further update from the parties regarding RPD 29, the motion to compel as to RPD 29 is denied without prejudice.

9

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel [DE #33] is GRANTED IN PART and DENIED WITHOUT PREJUDICE IN PART.

This 28th day of September 2023.

*/s/ Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge