IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-252-FL

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )
)
    Plaintiff, )
) **ORDER**
  v. )
)
WAL-MART STORES EAST, LP, )
)
    Defendant. )

This matter is before the court on Plaintiff's second motion to compel discovery pursuant to Fed. R. Civ. P. 37 [DE #44]. Defendant has responded in opposition [DE #49]. The court held a hearing on the motion on December 19, 2023. For the reasons stated below, Plaintiff's motion to compel is granted in part and dismissed as moot in part.

## BACKGROUND

On June 30, 2022, the Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") filed a complaint against Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant") asserting claims of unlawful employment discrimination against Ms. Ikia Townsend.[1] Ms. Townsend worked at Wal-Mart's distribution center #6040

---

[1] Ms. Townsend filed a charge of discrimination with the EEOC on or about September 16, 2019. (Def.'s 2d Suppl. Objs. & Answers [DE #61-1] at 3; *see* Compl. at 3.)

in Hope Mills, North Carolina, from April 1, 2019, through July 2, 2019. (Compl. [DE #1].) EEOC claims violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), for failure to accommodate, wrongful discharge, use of a "100% Healed Policy and/or Practice," and retaliation. (Compl. at 4–11.) Wal-Mart answered and asserted twenty-five affirmative defenses. (Answer [DE #14].)

This is EEOC's second motion to compel discovery from Wal-Mart. In the motion presently before the court, EEOC initially moved to compel Wal-Mart to respond to (i) Plaintiff's Second Set of Interrogatories; (ii) Plaintiff's Second Request for Production of Documents; and (iii) Requests for Production of Documents (RPD) numbered 5, 19, and 21–31 from Plaintiff's First Request for Production of Documents. (Pl.'s 2d Mot. Compel [DE #44] at 1.) On December 5, 2023, the court ordered the parties to confer further regarding the outstanding discovery disputes. (Order dated Dec. 4, 2023 [DE #56].) As reflected in the parties' joint status report filed on December 15, 2023, and confirmed at the hearing on December 19, 2023, the only discovery matters still at issue with regard to EEOC's second motion to compel are RPD 29 and RPD 30. (Jt. Status Report filed Dec. 15, 2023 [DE #58] at 2; Hr'g Tr. [DE #60] at 5.) Accordingly, all components of Plaintiff's Second Motion to Compel other than RPD 29 and RPD 30 are moot.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense and proportional to the needs

2

> of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party." *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *see also Martin v. Bimbo Foods Bakeries*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting *Sheffield Fin.*, 2007 WL 1726560, at *3); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-66, 2020 WL 2311668, at *2 (W.D. Va. May 8, 2020) (acknowledging the 2000 and 2015 amendments to Rule 26(b)(1) and concluding that the discovery rules are to be interpreted broadly); 8 Wright & Miller, Fed. Prac. & Proc. § 2008 (3d ed.) (summarizing history of Rule 26 and noting that the 2015 amendment "did not affect a dramatic change in the scope of discovery").

Federal district courts have "wide latitude in controlling discovery," which "extends as well to the manner in which it orders the course and scope of discovery." *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986). Rule 16 authorizes district courts to exercise that control through pretrial conferences and scheduling orders. Fed. R. Civ. P. 16(c)(2)(F) ("At any pretrial conference, the court may consider and take appropriate action on . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37.").

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, among other things, provisions "forbidding the disclosure or discovery," "specifying terms . . . for the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A)–(c)(1)(D).

"The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" *Johnson v. N.C. Dep't of Justice*, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (quoting *Mainstreet Collection*, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

4

At issue here are discovery requests for communications leading up to the termination of Ms. Townsend's employment. RPD 29 requests "[a]ll written communication, including emails and text messages, sent or received between Ikia Townsend and Amanda Hignite."[2] (Pl.'s 1st Req. Produc. Docs. [DE #44-1] at 12.) RPD 30 requests "[a]ll written communication, including emails and text messages, sent or received between any individual employed by Defendant relating to Ikia Townsend including, but not limited to, Raysheik Maygood, Gabriel Sarinana, James F. Smith, Amanda Hignite, Christie Briggs-Goldson, Denice Wilkes, Vernon "Todd" Cromedy, Sedgwick Claims Management Services, Inc., Defendant's Accommodation Service Center, and/or Defendant's Global Ethics Office." (*Id.* at 12.)

The nature of the current discovery dispute centers on the deletion of the work email account of Amanda Hignite, a human resources manager employed by Wal-Mart at Ms. Townend's former work location, and Wal-Mart's more recent disclosure of the deletion of the work email account of Gabriel Sarinana, an operations manager employed by Wal-Mart and a second-line supervisor of Ms. Townsend.[3] (*See* Jt. Status Report filed Jan. 23, 2024, [DE #61] at 1–7.) Among other things, Hignite appears to be the human resources official involved with Ms. Townsend's accommodation

---

[2] RPD 29 was also the subject of the EEOC's first motion to compel. The court denied without prejudice EEOC's first motion to compel as to RPD 29 in light of Wal-Mart's argument that the motion was premature. (Order dated Sept. 28, 2023 [DE #51].)

[3] The deletion of Mr. Sarinana's email account was not discussed during the December 19, 2023, hearing because Wal-Mart had not disclosed the deletion of that account at the time of the hearing. (*See* Jt. Status Report filed Jan. 23, 2024, at 4.)

5

requests and termination. (*See* Compl. at 5; Pl.'s Mem. Supp. 2d Mot. Compel [DE #45] at 2; Def.'s Resp. Opp'n [DE #49] at 2, 7; Jt. Status Report filed Dec. 15, 2023 [DE #58] at 3.) Sarinana appears to be a supervisor who advised Ms. Townsend there were no accommodations at the work location. (*See* Compl. at 5; Pl.'s Mem. Supp. 2d Mot. Compel [DE #45] at 2; Def.'s Resp. Opp'n [DE #49] at 2, 7; Jt. Status Report filed Dec. 15, 2023 [DE #58] at 3.) Defendant states that the Hignite and Sarinana email accounts were deleted when Hignite and Sarinana transferred to other work locations. (Jt. Status Report filed Jan. 23, 2024, at 12; Def.'s 2d Suppl. Objs. & Answers at 3 (Sarinana's account deleted approximately October 28, 2019; Hignite's account deleted approximately December 21, 2020).)

The gravamen of the dispute is as follows. Plaintiff believes Defendant has not taken adequate steps to preserve, collect, and produce responsive emails from Hignite, based on the fact that Plaintiff has been in possession of emails from Hignite (presumably acquired from Townsend) that Defendant has not produced. (*See, e.g.,* Jt. Status Report filed Dec. 15, 2023 at 3–4.) Plaintiff was only made aware of the deletion of Hignite's email account on December 12, 2023 (Jt. Status Report filed Dec. 15, 2023 at 4) and Sarinana's email account on January 9, 2024 (Jt. Status Report filed Jan. 23, 2024 at 4; Def.'s 2d Suppl. Objs. & Answers at 3). Plaintiff is requesting, among other things, more detailed information regarding Wal-Mart's preservation and collection of relevant email messages. (Jt. Status Report filed Jan. 23, 2024, at 6–7.)

6

A hearing was held on Plaintiff's second motion to compel on December 19, 2023. Wal-Mart opposed providing more information about the deleted email accounts, its attempt to recover the accounts, and its document preservation and retention policies as being prohibited "discovery on discovery" and outside the scope of Plaintiff's discovery requests. (*See, e.g.,* Hr'g Tr. at 8–9; Jt. Status Report filed Dec. 15, 2023 at 7– 8; Def.'s 2d Suppl. Objs. & Answers at 2–3.)[4] After hearing from the parties and discussing the matter in more detail, the court ordered Defendant to supplement its responses to RPD 29 and RPD 30 by January 9, 2024. (Hr'g Tr. at 27–33; Jt. Status Report filed Jan. 23, 2024; Def.'s 2d Suppl. Objs. & Answers at 2.)

At the court's direction, the parties submitted a joint status report concerning Wal-Mart's supplemental response. (Jt. Status Report filed Jan. 23, 2024.) The parties report that they disagree "whether there are any remaining discovery disputes properly before the Court on the EEOC's Second Motion to Compel." (*Id.* at 1.) EEOC contends Wal-Mart has not fully responded to RPD 29 and RPD 30 and should be required to produce documents responsive to the requests or fully explain why it is unable to do so. (*Id.* at 2–3.) Wal-Mart continues to lodge boilerplate objections to EEOC's requests and further takes issue with this court's December 19, 2023, ruling requiring Wal-Mart to further supplement its discovery responses. (Def.'s 2d Suppl. Objs. & Answers at 2, 8 ("Walmart objects to the Court's ruling as clearly erroneous and contrary to law, because Federal Rule of Civil Procedure 34

---

[4] Defendant also opposes providing additional information about its document preservation policies and practices based on attorney-client privilege and the work-product doctrine. (Def.'s 2d Suppl. Objs. & Answers at 3.)

7

contains no requirement for a party to provide information regarding its document preservation, collection, and review processes, absent a specific discovery request seeking that information.") Wal-Mart further contends the discovery issues raised by EEOC have not been addressed by the parties in the meet-and-confer process.[5] (Jt. Status Report filed Jan.23, 2024, at 16.)

Having considered Wal-Mart's supplemental responses and the information contained in the parties' joint status report filed January 23, 2024, the court finds that an additional Rule 16 discovery conference is unlikely to aid in resolution of the discovery disputes, and the court grants Plaintiff's Second Motion to Compel as to RPD 29 and RPD 30. The information sought in RPD 29 and RPD 30 is relevant, *see Sheffield Fin.*, 2007 WL 1726560, at *3, and Defendant has failed to carry its burden to show why the motion to compel should be denied, *see Mainstreet Collection*, 270 F.R.D. at 241.

Defendant's argument that requiring it to provide information about its document preservation, retention, and collection processes is unjustified under Rule 26 is rejected. (*See* Def.'s 2d Suppl. Objs. & Answers at 2–3 (citing *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 9440762, at *2 (E.D.N.C. Dec. 28, 2017).) "The duty to preserve material evidence arises not only during litigation but

---

[5] On December 5, 2023, the court ordered the parties to "confer, *in person or by telephone or videoconference*, in an attempt to resolve the outstanding discovery disputes" prior to the hearing on Plaintiff's second motion to compel." (Order dated Dec. 4, 2023.) At the hearing, the court further ordered the parties to confer and submit, within two weeks after Wal-Mart's supplemental response, a report advising the court "whether there are any . . . remaining issues that need to be resolved." (Hr'g Tr. at 31–32.)

8

also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). "Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). Here, RPD 29 and RPD 30 seek the production of emails of "key players" in the case. *See id.* (noting that the duty to preserve extends "to those employees likely to have relevant information—the 'key players' in the case"). EEOC contends, and Wal-Mart does not appear to dispute, that Wal-Mart had an obligation to preserve and retain the documents requested.[6]

Wal-Mart further states that it became aware in October 2022 that the email accounts of Ms. Hignite and Mr. Sarinana had been deleted. However, it was not until December 2023 that Wal-Mart disclosed to EEOC that the email account of Ms. Hignite had been deleted. Instead, in its initial response to RPD 29, Wal-Mart objected on grounds that it was not relevant or proportionate to Plaintiff's claims, then stated: "No responsive documents not subject to the above objections have been identified. Discovery is ongoing and any responsive, non-privileged documents

---

[6] In its second supplemental response to EEOC's First Request for Production of Documents, Wal-Mart states that on September 20, 2019, it "sent notice to key custodians to preserve data, including communications, potentially relevant" to Ms. Townsend's charge of discrimination. (Def.'s 2d Suppl. Objs. & Answers at 3.)

9

identified and not subject to the above objections will be produced in a supplemental production." (Def.'s 2d Suppl. Objs. & Answers at 2, 4–5.)

At the December 19, 2023, hearing on the instant motion, the court ordered Wal-Mart to supplement its response to RPD 29 and RPD 30. The court expressly ordered Wal-Mart to state what efforts had been taken to *recover* Ms. Hignite's email account and any other relevant email accounts that had been deleted, as opposed to attempting to retrieve responsive emails through other email accounts.[7] Thereafter, Wal-Mart disclosed Mr. Sarinana's email account had also been deleted years earlier, but Wal-Mart has not explained what, if any, steps have been taken to recover either of the accounts. Instead, Wal-Mart simply states that "[b]y the time Walmart learned" the email accounts had been deleted, "it was not possible to recover [them]." (Def.'s 2d Suppl. Objs. & Answers at 6.)

## CONCLUSION

For the foregoing reasons, Plaintiff's second motion to compel [DE #44] is GRANTED IN PART and DISMISSED AS MOOT IN PART as set forth above, and it is hereby ORDERED as follows:

1. On or before **March 18, 2024**, Defendant shall produce to Plaintiff all documents responsive to RPD 29 and RPD 30, including any documents from email accounts deleted on or after September 20, 2019.

---

[7] At the December 19, 2023, hearing, and in its supplemental response submitted after the hearing, Wal-Mart stated that it had conducted a search of other email accounts in an attempt to locate emails in which Hignite or Sarinana may have been a recipient or sender. (Def.'s 2d Suppl. Objs. & Answers at 6.)

2.   In the event Defendant is unable to produce such documents, Plaintiff shall have until **April 5, 2024**, to propound additional discovery regarding any deleted email accounts and documents responsive to RPD 29 and RPD 30, as follows:

   a.   Plaintiff may serve no more than ten (10) additional interrogatories pursuant to Fed. R. Civ. P. 33;

   b.   Plaintiff may serve no more than ten (10) additional requests for admission pursuant to Fed. R. Civ. P. 36; and

   c.   Plaintiff may serve no more than ten (10) additional requests for production pursuant to Fed. R. Civ. P. 34.

This 4th day of March 2024.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge